MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
BENJAMIN VASQUEZ VIDAL, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| NECTAR RESTAURANT CORP. (D/B/A NECTAR RESTAURANT), K.K. & D. OF 79TH ST. REST. CORP.  (D/B/A NECTAR CAFE), GEORGE KYRKOSTAS, PANAYIOTIS VALIANTIS, ANDREAS ASONITIS, PETER DOE, and ESPIRO DOE, | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* |  |

-----------------------------------------------------X

        Plaintiff Benjamin Vasquez Vidal ("Plaintiff Vasquez" or "Mr. Vasquez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Nectar Restaurant Corp. (d/b/a Nectar Restaurant), K.K. & D. of 79th St. Rest. Corp. (d/b/a Nectar Cafe), ("Defendant Corporations"), George Kyrkostas, Panayiotis Valiantis, Andreas Asonitis, Peter Doe, and Espiro Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

        1.        Plaintiff Vasquez is a former employee of Defendants Nectar Restaurant Corp. (d/b/a Nectar Restaurant), K.K. & D. of 79th St. Rest. Corp. (d/b/a Nectar Cafe), George Kyrkostas, Panayiotis Valiantis, Andreas Asonitis, Peter Doe, and Espiro Doe.

2.      Defendants own, operate, or control two Greek restaurants, one of which is located at 1090 Madison Ave, New York, New York 10028 (hereinafter "the Nectar Restaurant location") and the other one at 1022 Madison Avenue, New York, New York 10021 (hereinafter "the Nectar Café location").

3.      Upon information and belief, individual Defendants George Kyrkostas, Panayiotis Valiantis, Andreas Asonitis, Peter Doe, and Espiro Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Vasquez was employed as a delivery worker at the restaurants located at 1090 Madison Ave, New York, New York 10028 and 1022 Madison Avenue, New York, New York 10021.

5.      Plaintiff Vasquez ostensibly was employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to dishwashing, cleaning and organizing the basement, sweeping and mopping the floors, and preparing food for the cooks (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Vasquez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Vasquez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Defendants employed and accounted for Plaintiff Vasquez as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Vasquez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Vasquez's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Vasquez at the minimum wage rate and enabled them to pay him above the tip-credit rate, but below the minimum wage.

11.     Defendants' conduct extended beyond Plaintiff Vasquez to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vasquez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiff Vasquez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiff Vasquez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Vasquez's state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Greek restaurants located in this district. Further, Plaintiff Vasquez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

17.     Plaintiff Benjamin Vasquez Vidal ("Plaintiff Vasquez" or "Mr. Vasquez") is an adult individual residing in Queens County, New York.

18.     Plaintiff Vasquez was employed by Defendants at Nectar Restaurant and Nectar Cafe from approximately February 2017 until on or about November 1, 2018.

19.     Plaintiff Vasquez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled two Greek restaurants, located at 1090 Madison Ave, New York, New York 10028 under the name "Nectar Restaurant" and at 1022 Madison Avenue, New York, New York 10021 under the name "Nectar Cafe".

21.     Upon information and belief, Nectar Restaurant Corp. (d/b/a Nectar Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1090 Madison Ave, New York, New York 10028.

22.     Upon information and belief, K.K. & D. of 79th St. Rest. Corp. (d/b/a Nectar Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1022 Madison Avenue, New York, New York 10021.

23.     Defendant George Kyrkostas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Kyrkostas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant George Kyrkostas possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vasquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Panayiotis Valiantis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Panayiotis Valiantis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations.

Defendant Panayiotis Valiantis possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vasquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Andreas Asonitis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andreas Asonitis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Andreas Asonitis possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vasquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Peter Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Peter Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vasquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Espiro Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Espiro Doe is sued individually in

his capacity as a manager of Defendant Corporations. Defendant Espiro Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vasquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.    Defendants operate two Greek restaurants located in the Upper East Side section of Manhattan in New York City.

29.    Individual Defendants, George Kyrkostas, Panayiotis Valiantis, Andreas Asonitis, Peter Doe, and Espiro Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

30.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.    Each Defendant possessed substantial control over Plaintiff Vasquez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Vasquez, and all similarly situated individuals, referred to herein.

32.    Defendants jointly employed Plaintiff Vasquez (and all similarly situated employees) and are Plaintiff Vasquez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Vasquez and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants George Kyrkostas, Panayiotis Valiantis, Andreas Asonitis, and Peter Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Vasquez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff

Vasquez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Vasquez's services.

36.     In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Vasquez is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Vasquez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Benjamin Vasquez Vidal*

40.     Plaintiff Vasquez was employed by Defendants from approximately February 2017 until on or about November 1, 2018.

41.     Defendants ostensibly employed Plaintiff Vasquez as a delivery worker.

42.     However, Plaintiff Vasquez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43.     Although Plaintiff Vasquez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

44.     Plaintiff Vasquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.     Plaintiff Vasquez's work duties required neither discretion nor independent judgment.

46.     From approximately February 2017 until on or about June 2017, Plaintiff Vasquez worked at the Nectar Restaurant location from approximately 11:00 a.m. until on or about 9:00 p.m., three days a week and from approximately 10:00 a.m. until on or about 8:00 p.m. at the Nectar Café location, one day a week (typically 40 hours per week).

47.     From approximately July 2017 until on or about August 15, 2017, Plaintiff Vasquez worked at the Nectar Restaurant location from approximately 1:00 p.m. until on or about 11:00 p.m., six days a week (typically 60 hours per week).

48.     From approximately August 16, 2017 until on or about June 2018, Plaintiff Vasquez worked at the Nectar restaurant location from approximately 8:00 a.m. until on or about 6:00 p.m., on Wednesdays and from approximately 11:00 a.m. until on or about 9:00 p.m., Thursdays through Saturdays (typically 40 hours per week).

49.     From approximately July 1, 2018 until on or about July 14, 2018, Plaintiff Vasquez worked at the Nectar restaurant location from approximately 1:00 p.m. until on or about 11:00 p.m., six days a week (typically 60 hours per week).

50.     From approximately July 15, 2018 until on or about August 7, 2018, Plaintiff Vasquez worked at the Nectar restaurant location from approximately 11:00 a.m. until on or about 9:00 p.m., six days a week (typically 60 hours per week).

51.     From approximately August 8, 2018 until on or about November 1, 2018, Plaintiff Vasquez worked at the Nectar restaurant location from approximately 8:00 a.m. until on or about

6:00 p.m., on Wednesdays and from approximately 11:00 a.m. until on or about 9:00 p.m., Thursdays through Saturdays (typically 40 hours per week).

52.     Throughout his employment, Defendants paid Plaintiff Vasquez his wages in cash.

53.     From approximately February 2017 until on or about June 2017, Defendants paid Plaintiff Vasquez a fixed salary of $380 per week.

54.     From approximately July 2017 until on or about August 14, 2017, Defendants paid Plaintiff Vasquez a fixed salary of $475 per week.

55.     From approximately August 15, 2017 until on or about November 2017, Defendants paid Plaintiff Vasquez a fixed salary of $380 per week.

56.     From approximately November 2017 until on or about June 2018, Defendants paid Plaintiff Vasquez a fixed salary of $400 per week.

57.     From approximately July 1, 2018 until on or about August 7, 2018, Defendants paid Plaintiff Vasquez a fixed salary of $500 per week.

58.     From approximately August 8, 2018 until on or about November 1, 2018, Defendants paid Plaintiff Vasquez a fixed salary of $400 per week.

59.     Defendants never granted Plaintiff Vasquez any breaks or meal periods of any kind.

60.     Plaintiff Vasquez was never notified by Defendants that his tips were being included as an offset for wages.

61.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Vasquez's wages.

62.     Plaintiff Vasquez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

63.     On a number of occasions, Defendants required Plaintiff Vasquez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

64.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Vasquez regarding overtime and wages under the FLSA and NYLL.

65.     Defendants did not provide Plaintiff Vasquez an accurate statement of wages, as required by NYLL 195(3).

66.     Defendants did not give any notice to Plaintiff Vasquez, in English and in Spanish (Plaintiff Vasquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.     Defendants required Plaintiff Vasquez to purchase "tools of the trade" with his own funds—including a bicycle, bicycle tires, and a chain.

*Defendants' General Employment Practices*

68.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vasquez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

69.     Plaintiff Vasquez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

70.     Defendants required Plaintiff Vasquez and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

71.     Plaintiff Vasquez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

72.     Plaintiff Vasquez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

73.     Plaintiff Vasquez and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

74.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Vasquez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

75.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.     In violation of federal and state law as codified above, Defendants classified Plaintiff Vasquez and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

77.     Defendants failed to inform Plaintiff Vasquez who received tips that Defendants intended to take a deduction against Plaintiff Vasquez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

78.     Defendants failed to inform Plaintiff Vasquez who received tips, that his tips were being credited towards the payment of the minimum wage.

79.     Defendants failed to maintain a record of tips earned by Plaintiff Vasquez who worked as a delivery worker for the tips he received.

80.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Vasquez worked.

81.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

82.     On a number of occasions, Defendants required Plaintiff Vasquez to sign a document the contents of which he was not allowed to review in detail.

83.     Defendants paid Plaintiff Vasquez his wages in cash.

84.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

85.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Vasquez (and similarly situated individuals) worked, and to avoid paying Plaintiff Vasquez properly for his full hours worked.

86.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

87.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Vasquez and other similarly situated former workers.

88.     Defendants failed to provide Plaintiff  Vasquez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

89.     Defendants failed to provide Plaintiff Vasquez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.      Plaintiff Vasquez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

91.     At all relevant times, Plaintiff Vasquez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under

the FLSA, and willfully failing to keep records under the FLSA.

92.     The claims of Plaintiff Vasquez stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

93.     Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth

herein.

94.     At all times relevant to this action, Defendants were Plaintiff Vasquez's employers

within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power

to hire and fire Plaintiff Vasquez (and the FLSA Class Members), controlled the terms and

conditions of their employment, and determined the rate and method of any compensation in

exchange for their employment.

95.     At all times relevant to this action, Defendants were engaged in commerce or in an

industry or activity affecting commerce.

96.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards

Act, 29 U.S.C. § 203 (r-s).

97.     Defendants failed to pay Plaintiff Vasquez (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.     Defendants' failure to pay Plaintiff Vasquez (and the FLSA Class members) at the

applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Vasquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

100.     Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

101.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Vasquez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.     Defendants' failure to pay Plaintiff Vasquez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.     Plaintiff Vasquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

104.     Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

105.     At all times relevant to this action, Defendants were Plaintiff Vasquez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Vasquez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

106.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Vasquez less than the minimum wage.

107.    Defendants' failure to pay Plaintiff Vasquez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Vasquez was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

109.    Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Vasquez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiff Vasquez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Vasquez was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

113.    Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to provide Plaintiff Vasquez with a written notice, in English and in Spanish (Plaintiff Vasquez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

115.     Defendants are liable to Plaintiff Vasquez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

116.      Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

117.     With each payment of wages, Defendants failed to provide Plaintiff Vasquez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118.     Defendants are liable to Plaintiff Vasquez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

119.    Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

120.    Defendants required Plaintiff Vasquez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

121.    Plaintiff Vasquez was damaged in an amount to be determined at trial.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vasquez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vasquez and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vasquez and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Vasquez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Vasquez and the FLSA Class members;

(f)    Awarding Plaintiff Vasquez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Vasquez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vasquez;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vasquez;

(j)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Vasquez's compensation, hours, wages and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Vasquez;

(l)    Awarding Plaintiff Vasquez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as

applicable

(m)     Awarding Plaintiff Vasquez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Vasquez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Vasquez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Vasquez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Vasquez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

November 10, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 5, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Benjamin  Vasquez Vidal

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:          5 de noviembre 2018

*Certified as a minority-owned business in the State of New York*