UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN VASQUEZ VIDAL,

    Plaintiff,

-against-

NECTAR RESTAURANT CORP., et al.,

    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/2019
```

18-CV-10465 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter dated August 23, 2019 (Dkt. No. 45), seeking approval of their proposed settlement agreement and release (Agreement) (Dkt. No. 45-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Nectar Restaurant Corp. (Nectar), George Kyrkostas, and Panayiotis Valiantis, and former defendant K.K. & D. of 79th St. Rest. Corp. d/b/a Nectar Café (K.K. & D.) (collectively, the Signatories) to pay $15,000 to settle this action. Ag. ¶ 1.[1] Of that sum, $5,516.66 (36.77% of the gross settlement amount) will go to plaintiffs' attorneys for their fees and costs. *Id*. ¶ 1(i)-(ii).  The remaining sum of $9,458.34 will go to plaintiff Bejamin Vasquez Vidal, in full settlement of his Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims. *Id.* The payments will be made in three roughly equal installments, due in 30-day

---

[1] Former defendants Andreas Asonitis, Peter "Doe," and Espiro "Doe" are listed in the introductory paragraph of the Agreement but are not signatories to the Agreement. Plaintiff voluntarily dismissed his claims against these three defendants, together with defendant  K.K. & D. of 79th St. Rest. Corp., on September 5, 2019, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Dkt. No. 46.) A dismissed defendant may, if it wishes, bind itself to a settlement agreement.  However, a dismissed individual defendant who has not signed that agreement cannot be bound by it. The Court will therefore assume that the inclusion of Andreas Asonitis, Peter "Doe," and Espiro "Doe" in the first paragraph of the Agreement was a mistake, and holds pursuant to the severability clause at ¶ 8 that the Agreement is unenforceable as against the three non-signatories.

increments, each of which will be apportioned between plaintiff and his counsel in proportion to the total amounts ultimately due to each. *Id*.

Defendant George Kyrkostas has executed three affidavits of confession of judgment, each in the amount of $15,000, on behalf of Nectar, K.K. & D., and himself personally. Ag. Exs. A-C. Defendant Panayiotis Valiantis has executed a similar affidavit of confession of judgment on his own behalf. *Id*. Ex. D. Each affidavit recites in ¶ 5 (in the case of the Valiantis affidavit, ¶ 3) that it represents a "debt justly due to Plaintiff Vazquez under the terms of the Settlement Agreement, to which this Affidavit is annexed," and each further states in its ultimate paragraph that "upon Defendants' breach of the Settlement Agreement and failure to cure," the confession "shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $15,000 (less any amounts already paid to Plaintiff pursuant to the above schedule)" against the confessed defendant. However, the Agreement itself does not mention the confessions of judgment, much less address when or under what circumstances they can be enforced. Nor does the Agreement contain any notice or cure provisions. The Court must therefore assume that there are no circumstances that would authorize plantiff to submit the affidavits or otherwise seek a confessed judgment from the state court. *See* Ag. ¶ 5 (the parties "acknowledge and agree that that the only consideration for signing this Agreement is as set forth in this Agreement").

The Agreement includes bilateral releases limited to the claims alleged in this action. Plaintiff releases the Signatories, together with their "heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers," from any and all claims, known or unknown, "relating specifically to the claims in this Litigation that have occurred as of the Effective Date of this Agreement." Ag. ¶ 2. The Signatories release plaintiff from any and all "known" claims "relating specifically to the

claims in the Litigation that have occurred as of the Effective Date of this Agreement." *Id*. The term "Effective Date" is not defined anywhere in the Agreement. As a matter of law, however, an agreement to settle FLSA claims cannot be effective until it has been approved by the court or the Department of Labor. *Cheeks*, 796 F.3d at 200. *See also* Ag. ¶ 1(ii) (checks representing all three settlement payment installments are to be delivered to plaintiff's counsel "[w]ithin Thirty 30 days of this Agreement being approved by the Court"). I therefore construe the term "Effective Date" to mean the date upon which the Agreement is so approved.

There is no confidentiality clause or other limitation upon the plaintiff's ability to discuss his employment experiences, this lawsuit, or the settlement.

The parties consent to the "personal jurisdiction" of both this Court and the Supreme Court of the State of New York "in any subsequent proceeding to enforce this Agreement." Ag. ¶ 7. However, they do not request that this Court retain jurisdiction for that (or ay other) purpose.

In ¶ 8 of the Agreement, the parties stipulate that if "any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect," but that such holding "shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement."

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199, except for the fee award. Plaintiff's counsel, Michael Faillace & Associates, P.C., requests costs and fees totaling $5,516.66, representing litigation costs of $525 "plus one third of the remaining settlement amount." Joint Ltr. at 3. Counsel properly articulated the correct formula but made a calculation error. "[A]ttorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015).

Here, the "remaining settlement amount," net of costs, is $14,475, and one-third of that figure is $4825. Counsel are therefore entitled to $525 + $4,825 = $5,350,[2] and plaintiff Vidal is entitled to keep $9650 of the total settlement consideration of $15,000.

Accordingly, the Agreement is APPROVED with the following limitations:

(1) The Agreement is not enforceable against Andreas Asonitis, Peter "Doe," or Espiro "Doe."

(2) The Effective Date of the Agreement is today.

(3) The Agreement does not authorize plaintiffs to file the affidavits of confession of judgment or seek a confessed judgment based on those affidavits.

(4) Plaintiff's counsel may take no more than $5350, in total, of the $15,000 settlement payment; no more than $1783.33 from each of the first two installments of $5000, and no more than $1783.34 from the third installment. The remainder of the settlement consideration is to go to plaintiff Vidal.

This action is DISMISSED.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
October 1, 2019

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] As a cross-check on counsel's request for a fee award calculated as a percentage of the net settlement amount, I have reviewed their time records, which show a lodestar of $2,375, with virtually all of counsel's time after the filing of the complaint devoted to negotiating the settlement and drafting settlement-related documents. *See* Joint Ltr. Ex. B. While these records do not cast doubt on the financial fairness of the settlement, the Court cannot help but wonder why counsel – who inform the Court that they have "significant experience representing plaintiffs in New York City in wage and hour litigation," Jnt. Letter at 3, were unable to to draft a more professional – or at least more complete – expression of the parties' agreement.